UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMARR FOWLER,

                              Plaintiff,

                v.

BRIAN FISCHER *et al.*,

                             Defendants.

13-cv-6262

**OPINION**

Plaintiff Jamarr Fowler, proceeding *pro se*, alleges that defendants violated his rights while he was incarcerated. Defendant Debejian, who is the only defendant located in the Southern District of New York, moves to dismiss the case as to him. The other defendants move to dismiss the case on ground of improper venue. The motions are granted.

**The Complaint**

Fowler's complaint alleges a host of facts against sixteen defendants, who are all current or former employees of The New York State Department of Corrections and Community Supervision. The allegations center on Fowler's treatment while he was incarcerated at Shawangunk, located in the Northern District of New York. Additionally, Fowler alleges that, at a different time, he was improperly transferred out of Sullivan Correction Facility, located in the Southern District of New York. Because only Defendant Debejian has requested dismissal of the complaint, the court will only review the facts relevant to the claims against him.

1

Fowler alleges that, while he was incarcerated at Sullivan Correction Facility, corrections officials recommended that he lose some of his good time because of prison disciplinary proceedings. Fowler allegedly asked Corrections Counselor Debejian to give Fowler permission to attend the next meeting of the prison committee that administers the good-time allocations. Fowler hoped to discuss his potential loss of good time. Fowler alleges that instead of scheduling him to attend the meeting, Debejian worked with another defendant to arrange Fowler's transfer to a different correctional facility. He alleges that the transfer was improper and designed to discriminate and retaliate against him.

Defendant Debejian moves to dismiss the complaint against him. The other defendants move to dismiss the case for improper venue because all the other acts and events alleged in the complaint against them occurred in the Northern District, either at Shawangunk in Ulster County, New York, or at the Department of Corrections' Central Office in Albany, New York.

**Discussion**

Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint. Id. A *pro se* plaintiff "is entitled to a particularly liberal reading" of his complaint. Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011). But even a *pro se* plaintiff must plead enough facts to state a plausible claim for relief. Johnson v. City of New York, 669 F. Supp. 2d 444, 448–49 (S.D.N.Y. 2009).

2

Fowler's complaint is deficient in two respects and each independently is a sufficient ground for dismissal of the complaint against defendant Debejian.  First, Fowler failed to exhaust his administrative remedies before filing this suit in federal court.  The Prison Litigation Reform Act requires prisoners to exhaust all administrative remedies provided by the correctional system in which they are incarcerated before filing suit in federal court.  42 U.S.C. § 1997e(a); Neal v. Goord, 267 F.3d 116, 121 (2d Cir. 2001).  This exhaustion bar also applies to prisoners—like Fowler—who are presently released, but had "ample opportunity" to exhaust administrative remedies before being released but failed to do so.  See Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003); Prescott v. Annetts, No. 09-cv-4435, 2010 WL 3020023 (S.D.N.Y. July 22, 2010).  Here, Fowler did not exhaust his remedies while incarcerated because he did not file grievances and appeals about the transfer out of Sullivan that took place around August 2012.  Although he filed grievances about other transfers, those grievances are not sufficient to exhaust his administrative remedies.  Accordingly, the complaint against Debejian must be dismissed.

Second, Fowler's allegations of improper transfer do not state a claim for deprivation of constitutional rights.  Fowler alleges that he was improperly transferred to a different facility in order to prevent him from objecting to the calculation of his good-time credits.  But neither the allegation about the transfer nor the allegation about the good-time credits constitutes a deprivation of constitutional rights.  Prison officials have broad discretion to transfer prisoners to another facility.  Odom v. Poirier, No. 99-cv-4933, 2004 WL 2884409 (S.D.N.Y. Dec. 10, 2004).  This court must afford appropriate deference to prison officials who make transfer decisions.  Turner v. Safley, 482 U.S. 78, 84–85 (1987).  In Fowler's complaint and opposition, he provides no factual basis for the claim that Debejian's participation in the transfer was retaliatory or discriminatory.  His allegations are pure speculation.  Such conclusory allegations, devoid of

facts or details, are not sufficient to state a claim. See Iqbal, 556 U.S. at 678. Additionally, Fowler had no liberty interest in his good-time credit where, as here, prison officials have discretion to determine whether he was eligible to earn good-time credit. Thus, allegations that prison officials did not properly credit his time cannot form the basis of a constitutional claim. See Abed v. Armstrong, 209 F.3d 63, 67 (2d Cir. 2000).

Improper Venue

In a federal-question case, like this one, venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. For purposes of venue, public officials reside in the district in which they perform their official duties. See Berry v. New York State Dep't of Corr. Servs., 808 F. Supp. 1106, 1108 (S.D.N.Y. 1992). The district court has discretion to dismiss or transfer an action for improper venue. 28 U.S.C. § 1406(a).

In this case, other than the allegations against defendant Debejian, all relevant events occurred in Albany County or Ulster County, both of which are within the Northern District of New York. All defendants work (or, at the relevant times, worked) in the Northern District. Thus, under 28 U.S.C. § 1391, venue is not proper in the Southern District of New York. Accordingly, the case is dismissed for improper venue.

facts or details, are not sufficient to state a claim. See Iqbal, 556 U.S. at 678. Additionally, Fowler had no liberty interest in his good-time credit where, as here, prison officials have discretion to determine whether he was eligible to earn good-time credit. Thus, allegations that prison officials did not properly credit his time cannot form the basis of a constitutional claim. See Abed v. Armstrong, 209 F.3d 63, 67 (2d Cir. 2000).

Improper Venue

In a federal-question case, like this one, venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. For purposes of venue, public officials reside in the district in which they perform their official duties. See Berry v. New York State Dep't of Corr. Servs., 808 F. Supp. 1106, 1108 (S.D.N.Y. 1992). The district court has discretion to dismiss or transfer an action for improper venue. 28 U.S.C. § 1406(a).

In this case, other than the allegations against defendant Debejian, all relevant events occurred in Albany County or Ulster County, both of which are within the Northern District of New York. All defendants work (or, at the relevant times, worked) in the Northern District. Thus, under 28 U.S.C. § 1391, venue is not proper in the Southern District of New York. Accordingly, the case is dismissed for improper venue.

## Conclusion

The motion to dismiss defendant Debejian is granted. The motion to dismiss for improper venue is also granted. This opinion resolves the motions listed as document numbers 27, 28, and 34 in this case.

So ordered.

Dated: New York, New York
August 14, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/14

Mailed from Chambers to:

Jamarr Fowler
2847 Briggs Ave. P.H.
Bronx, NY 10458